Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARITES MONTEMAYOR GARCIA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MARITES MONTEMAYOR GARCIA,<br><br>                              Plaintiff,<br><br>      v.<br><br>CREDITORS SPECIALTY SERVICE, INC.,<br>a California corporation,<br><br>                              Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br>California Civil Code § 1788 *et seq*. |

Plaintiff, MARITES MONTEMAYOR GARCIA (hereinafter "Plaintiff"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1.    This is an action for statutory damages, attorney fees, and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2.    According to 15 U.S.C. § 1692:

a.    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

       b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

       c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

       d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

       e.   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

       3.   Plaintiff also seeks statutory damages, attorney fees, and costs under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA") which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.  The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

       4.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

---

[1] Cal. Civil Code § 1788.1(a)(1).

1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III.  VENUE

6.   Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendant transacts business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

7.   This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

8.   Plaintiff, MARITES MONTEMAYOR GARCIA (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

9.   Defendant, CREDITORS SPECIALTY SERVICE, INC. (hereinafter "CSS"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 32023 Crown Valley Road, Acton, California 93510.  CSS may be served as follows: Creditors Specialty Service, Inc., c/o Neal Evans, Agent for Service, 2626 Townsgate Road, Suite 330, Westlake Village,  CA  91361.  The principal business of CSS is the

collection of defaulted consumer debts using the mails and telephone, and CSS regularly attempts to collect defaulted consumer debts alleged to be due another.  CSS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## VI.  FACTUAL ALLEGATIONS

10.   On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Provident Credit Union and bearing the account number 169533 (hereinafter "the alleged debt").  The alleged debt was incurred primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

11.   Plaintiff is informed and believes, and thereon alleges that sometime after default and on a date unknown to Plaintiff, the alleged debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

12.   Thereafter, Defendant sent a collection letter (Exhibit "1") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13.    The collection letter (Exhibit "1") is dated April 18, 2013.

14.    A true and accurate copy of the April 18, 2013, collection letter from Defendant to Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

15.   The collection letter (Exhibit "1") was sent in an envelope on which a postage meter stamp dated May 1, 2013, was imprinted.

16.   Plaintiff is informed and believes, and thereon alleges that Defendant deposited the envelope containing the collection letter (Exhibit "1") in the United States Mail on or about May 1, 2013.

17.   The collection letter (Exhibit "1") was sent in an envelope on the outside of which

was printed the name and return address of Defendant, and a large red dollar sign logo, indicating to anyone who saw the envelope that the letter inside was sent from a debt collector. A true and accurate copy of the return address and red dollar sign logo that is printed on Defendant's envelope is shown below.



18. The collection letter (Exhibit "1") was sent in an envelope which contained a window through which information printed on the collection letter could be seen by anyone who handled the envelope. Specifically, the words "**SPECIAL SETTLEMENT OFFER**" are shown through the envelope window in bold 14 point type.

19. Plaintiff is informed and believes, and thereon alleges that Defendant has sent standard form collection letters in envelopes on which were printed Defendant's name and large red dollar sign logo as shown by Exhibit "1" to more than 40 persons in California in the one-year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

### VII.  CLAIMS

**FAIR DEBT COLLECTION PRACTICES ACT**

20. Plaintiff brings the first claim for relief against Defendant under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

21. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

22.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

23.   Defendant, CSS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

24.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

25.   Defendant has violated the FDCPA.  The violations include, but are not limited to, the following:

a.   Defendant communicated with third parties, in violation of 15 U.S.C. § 1692b;

b.   Defendant's use of its name and a large red dollar sign logo on its envelopes indicates that Defendant is in the debt collection business or that the communication relates to the collection of a debt, in violation of 15 U.S.C. §§ 1692b(5) and 1692f(8);

c.   Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of 15 U.S.C. § 1692c(b);

d.   Defendant's display and publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of 15 U.S.C. § 1692d;

e.   Defendant published Plaintiff's personal financial information to third parties, in violation of 15 U.S.C. § 1692d(3); and

f.   Defendant's display and publication of Plaintiff's personal financial

information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

26.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

27.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

28.   Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

29.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

30.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

31.   Defendant, CSS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

32.   The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

33.   Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.   Defendant communicated with third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[2]

b.   Defendant's use of its name and a large red dollar sign logo on its envelopes indicates that Defendant is in the debt collection business or that the communication relates to

---

[2] 15 U.S.C. § 1692b.

the collection of a debt, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[3]

  c. Defendant communicated with third parties in connection with the collection of a debt from Plaintiff without Plaintiff's prior consent or the express permission of a court of competent jurisdiction, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[4]

  d. Defendant's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[5]

  e. Defendant published Plaintiff's personal financial information to third parties, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17;[6] and

  f. Defendant's publication of Plaintiff's personal financial information to third parties in connection with the collection of a debt from Plaintiff is unfair or unconscionable, in violation of Cal. Civil Code §§ 1788.12(d) and 1788.17.[7]

  34. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

  35. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

  36. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000), pursuant to Cal.

---

[3] 15 U.S.C. §§ 1692b(5) and 1692f(8).
[4] 15 U.S.C. § 1692c(b).
[5] 15 U.S.C. § 1692d.
[6] 15 U.S.C. § 1692d(3).
[7] 15 U.S.C. § 1692f.

1    Civil Code § 1788.17.[8]

2         37.    As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

3    award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[9]

4

5         38.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

6    are intended to be cumulative and in addition to any other procedures, rights or remedies that the

7    Plaintiff may have under any other provision of law.

8                          **VIII.  REQUEST FOR RELIEF**

9    Plaintiff requests that this Court:

10       a)  Assume jurisdiction in this proceeding;

11       b)  Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§

12           1692b, 1692b(5), 1692c(b), 1692d, 1692d(3), 1692f, and 1692f(8);

13

14       c)  Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal.

15           Civil Code §§ 1788.12(d) and 1788.17;

16       d)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15

17           U.S.C. § 1692k(a)(2)(A);

18

19       e)  Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

20           $1,000, pursuant to Cal. Civil Code § 1788.30(b);

21       f)  Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to Cal.

22           Civil Code § 1788.17;[10]

23

24       g)  Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

25           U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[11] and 1788.30(c); and

26
_____
27   [8]  15 U.S.C.§ 1692k(a)(2)(A).
     [9]  15 U.S.C.§ 1692k(a)(3).
     [10] 15 U.S.C. § 1692k(a)(2)(A).
28   [11] 15 U.S.C. § 1692k(a)(3).

1     h)  Award Plaintiff such other and further relief as may be just and proper.

2

3 j)

4

5                       CONSUMER LAW CENTER, INC.

                      By: /s/ Fred W. Schwinn

6                       Fred W. Schwinn (SBN 225575)

                      CONSUMER LAW CENTER, INC.

7                       12 South First Street, Suite 1014

                      San Jose, California  95113-2418

8                       Telephone Number: (408) 294-6100

                      Facsimile Number: (408) 294-6190

9                       Email Address: fred.schwinn@sjconsumerlaw.com

10                       Attorney for Plaintiff

                      MARITES MONTEMAYOR GARCIA

11

12              **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

13     Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named

14 parties, there is no such interest to report.

15

16                       /s/ Fred W. Schwinn

                      Fred W. Schwinn, Esq.

17

18                    **DEMAND FOR JURY TRIAL**

19     PLEASE  TAKE  NOTICE  that  Plaintiff,  MARITES  MONTEMAYOR  GARCIA,  hereby

20 demands a trial by jury of all triable issues of fact in the above-captioned case.

21

22                       /s/ Fred W. Schwinn

23                       Fred W. Schwinn, Esq.

24

25

26

27

28

COMPLAINT