UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARITES MONTEMAYOR GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CREDITORS SPECIALTY SERVICE, INC., et al.,<br><br>　　　　Defendants. | Case No. 14-cv-01806-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>[Re: ECF 75] |

Defendants Creditors Specialty Service, Inc. ("CSS"), and Charles Stanley, Jr. ("Stanley") (collectively, "Defendants") filed a motion to dismiss Plaintiff Marites Montemayor Garcia's ("Plaintiff") claims alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). ECF 74. The Court, finding this matter appropriate for disposition without oral argument pursuant to Civ. L.R. 7-1(b), vacated the hearing. ECF 71. After reviewing the parties' written submissions[1] and the Second Amended Complaint ("SAC"), and for the reasons set forth below, the Court DENIES Defendants' motion to dismiss.

**I.  BACKGROUND**

Plaintiff incurred a debt on a consumer credit account issued by Provident Credit Union. SAC ¶ 12. After experiencing financial hardship, Plaintiff defaulted on the debt. *Id*. at ¶ 13. Thereafter, the debt was transferred to Defendant CSS for collection. *Id*. ¶ 14. Plaintiff alleges that Defendant Stanley is or was an officer, director, employee, and agent of Defendant CSS. *Id*. at ¶ 10. According to Plaintiff, Defendants mailed their collection letters in window envelopes, which exposed portions of the envelope's contents. *Id*. at ¶ 26.

On May 1, 2013, Defendants sent a collection letter to Plaintiff using a window envelope

---

[1] Defendants did not file a reply brief.

1   which exposed portions of the letter through a glassine window. *Id*. at ¶¶ 15-19, 22. Visible on
2   the face of the envelope was Defendant CSS's name, its return address, and a "large red dollar
3   sign logo," *id*. at ¶ 21; Exh. 1 to SAC at 2, ECF 74-1, and Plaintiff's name and address, and the
4   words "SPECIAL SETTLEMENT OFFER" in bold 14 point type could be seen through the
5   glassine window, *id*. at ¶ 22; Exh. 1 to SAC at 2, ECF 74-1. According to Plaintiff, Defendant
6   Stanley personally participated in collecting Plaintiff's alleged debt. SAC ¶ 25. After receiving
7   this letter, Plaintiff filed suit against Defendants for allegedly violating the FDCPA and RFDCPA.

## II. DISCUSSION

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff pleads "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that would "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III. DISCUSSION

The Court has already gone through one round of motions to dismiss. Order Granting in Part and Denying in Part Motion to Dismiss ("Order"), ECF 73. In the SAC, Plaintiff alleges that the collection letter sent by Defendants on May 1, 2013 violates several section of the FDCPA and the corresponding sections of the RFDCPA. Specifically, Plaintiff believes Defendants violated 15 U.S.C. §§ 1692c(b), 1692f(7), and 1692f(8), and Cal. Civil Code §§ 1788.12(b), 1788.12(d), and 1788.17. SAC ¶¶ 34, 43. In this latest motion to dismiss, Defendants move to dismiss all of Plaintiff's claims except those under 15 U.S.C. § 1692f(8) and Cal. Civ. Code § 1788.17. Defs. Mot. 2, ECF 75.

   **i. 15 U.S.C. §§ 1692c(b)**

Under section 1692c(b), "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer." The statute defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). In the Court's prior Order addressing the First Amended Complaint, the Court held:

> Plaintiff's allegation that Defendants communicated with third parties about her debt is conclusory. Plaintiff provides no facts as to who the third parties are that Defendants communicated with. Absent any factual detail about the third parties, Plaintiff has not given Defendants fair notice of her claim.

Order 4, ECF 73. In the SAC, Plaintiff added factual allegations in paragraph 20, which stated "several people had access to Plaintiff's mailbox…including, but not limited to employees of the U.S. Postal Service, Plaintiff's postal carrier, Plaintiff's adult child, and Plaintiff's roommate…." SAC ¶ 20, ECF 74.

Defendants argue that there does not appear to be any communications with a third party because the only way anyone could have learned of the letter's contents was by "'snooping' into another persons (sic) mail." Defs. Mot. 5, ECF 75. Plaintiff counters that her additional allegations provide sufficient details as to who the third parties are that Defendants communicated with. Pl.'s Opp. 11, ECF 76.

The Court agrees with Plaintiff and finds that she has sufficiently stated a claim under 15 U.S.C. § 1692(c)(b). Plaintiff alleges that Defendants sent a letter bearing its company's name ("Creditors Specialty Service Inc."), along with the symbol of a dollar sign and the words "SPECIAL SETTLEMENT OFFER" on the envelope. These markings convey information about a debt as they plausibly give rise to the inference that Plaintiff has a debt and the envelope contained debt collection information. Plaintiff also alleges that several people had access to her mailbox, including her child and roommate. SAC ¶ 20, ECF 74. As a result, Plaintiff has alleged sufficient facts to show that Defendants may have conveyed information about her alleged debt to third parties. Defendants' arguments fail to address Plaintiff's amended allegations that several individuals had access her to mailbox. Accordingly, the Court DENIES Defendants' motion to

dismiss Plaintiff's claim for a violation of 15 U.S.C. § 1692c(b).

### ii.  15 U.S.C. § 1692f(7)

Although Defendants' allegedly are moving to dismiss Plaintiff's claims under 15 U.S.C § 1692f(7), Defendants do not make any arguments in their motion addressing this section. *See* Defs. Mot. 3-7, ECF 75 (addressing sections 1692d, 1692f, 1692(b)(5), 1692f(8), 1692d(3) and 1692c(b)).  The Court will not provide arguments for a party where a party has not made any. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's claim for a violation of 15 U.S.C. § 1692f(7).

### iii.  RFDCPA

Plaintiff asserts that Defendants violated Cal. Civ. Code §§ 1788.12(b) and 1788.12(d). Section 1788 is entitled "Communications with third parties; unlawful practices."  Subsection (b) prohibits a debt collector from "[c]ommunicating information regarding a consumer debt to any member of the debtor's family…" and subsection (d) prohibits a debt collector from:

> Communicating with the debtor by means of a written communication that displays or conveys any information about the consumer debt or the debtor other than the name, address and telephone number of the debtor and the debt collector and which is intended both to be seen by any other person and also to embarrass the debtor.

Cal. Civ. Code § 1788.12(d).

As to section 1788.12(b), Defendants argue that "use of [a] neutral logo, and a small clear window, requiring a 'snooping' by a third party" is not sufficient to allege a violation.[2]  Mot. 7, ECF 75.  The Court disagrees with Defendants.  As the Court explained in its prior Order, Plaintiff's allegations that Defendants' envelope contained the words "Creditors Specialty Service Inc.", "SPECIAL SETTLEMENT OFFER," and the symbol a dollar sign and the words is sufficient to show that the envelope contained debt collection information.  Plaintiff also alleges that her child had access to her mailbox.  SAC ¶ 20, ECF 74.  As a result, Plaintiff has alleged sufficient facts to show that Defendants may have conveyed information about her alleged debt to

---

[2] Although Defendants' brief states that these facts are not sufficient to allege a violation of section 1788.30(b), the Court assumes that Defendants are addressing section 1788.12(b).

a family member. Thus, the Court DENIES Defendants' motion to dismiss Plaintiff's claim for a violation of Cal. Civ. Code § 1788.12(b).

As to section 1788.12(d), Defendants argue that "there is nothing alleged other than the ability for someone to 'snoop' inside a clear window" to show that a creditor is intending to communicate to a third person or embarrass the debtor. Defs. Mot. 7, ECF 75. The Court disagrees with Defendants. Plaintiff's allegations—the use of an envelope with a glassine window that exposed several markings including a large red dollar sign and the phrases "Creditors Specialty Service Inc." and "SPECIAL SETTLEMENT OFFER"—is sufficient at the pleading stage to give rise to a plausible inference that Defendants' intended for other people to see the contents of the envelope and cause embarrassment to Plaintiff. Moreover, the allegation that "SPECIAL SETTLEMENT OFFER" was visible is sufficient to show Defendants intended to convey information about Plaintiff's alleged debt to other people. Accordingly, the Court DENIES Defendants' motion to dismiss Plaintiff's claim for a violation of Cal. Civ. Code § 1788.12(d).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' motion to dismiss is DENIED.

The parties filed a joint request for the Court to address the case schedule in the order on the motion to dismiss in light of the fact that the parties' self-agreed upon deadline to file summary judgment motions was May 27, 2016. The Court RESETS the last day to hear dispositive motions to September 29, 2016, and the parties may propose a new briefing schedule for summary judgment. The Court cannot continue the trial date as the Court's next available trial date is not until the fall of 2018.

**IT IS SO ORDERED.**

Dated: June 16, 2016

_____
BETH LABSON FREEMAN
United States District Judge