UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARITES MONTEMAYOR GARCIA,

    Plaintiff,

    v.

CREDITORS SPECIALTY SERVICE, INC., et al.,

    Defendants.

Case No. 14-cv-01806-BLF

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF MARITES MONTEMAYOR GARCIA'S MOTION FOR SUMMARY JUDGMENT**

[Re: ECF 93]

Plaintiff Marites Montemayor Garcia ("Garcia") moved for summary judgment on the first amended complaint or, in the alternative, partial summary judgment in this Fair Debt Collections Practice Act ("FDCPA") and Rosenthal Fair Debt Collection Practices Act ("RFDCPA") case. Mot., ECF 93. Garcia alleges that Defendants Creditors Specialty Service, Inc. ("CSS") and Charles Stanley, Jr. ("Stanley") violated the FDCPA and RFDCPA by mailing a collection letter to Garcia in an envelope that communicated Garcia's sensitive financial information with third parties in violation of the law. *Id.* at 1. Stanley asserts that the motion should be denied, among other grounds, because his actions were the result of a bona fide error. Opp., ECF 102, 11. Because CSS has filed bankruptcy, this action is stayed with respect to claims against CSS and the Court is evaluating only claims asserted against Stanley. ECF 94, 96; 11 U.S.C. § 362. Having reviewed the parties' papers, for the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Garcia's motion for summary judgment against Stanley.

I.    **STATEMENT OF FACTS**

From the parties' briefing, evidence, and statement of undisputed facts, the following facts relevant to the pending motion for summary judgment are undisputed unless otherwise noted. Garcia incurred a debt on a consumer credit account issued by Provident Credit Union. Garcia

Decl. ¶ 3.  After experiencing financial hardship, Garcia defaulted on the debt.  *Id.*.  Thereafter, the debt was transferred to CSS for collection, where Stanley was an executive officer.  Garcia Decl. ¶ 3; Stanley Dep. Tr. 28:6-25.

On May 1, 2013, CSS mailed a collection letter in an envelope with a glassine window, which exposed portions of the envelope's contents.  Garcia Decl. ¶¶ 5-6; Stip. Facts 2.  Visible on the face of the envelope was CSS's name, its return address, a "large red dollar sign logo," Garcia's name and address, and seen through the glassine window were the words "SPECIAL SETTLEMENT OFFER" in bold 14 point type.  Garcia Decl. ¶ 5, Ex. 1.

After receiving this letter, Garcia filed suit against Defendants for allegedly violating the 15 U.S.C. sections 1692c(b), 1692f(7), and 1692f(8) ("FDCPA") and Cal. Civil Code sections 1788.12(b), 1788.12(d), and 1788.17 ("RFDCPA").  SAC ¶¶ 34, 43.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "Partial summary judgment that falls short of a final determination, even of a single claim, is authorized by Rule 56 in order to limit the issues to be tried."  *State Farm Fire & Cas. Co. v. Geary*, 699 F. Supp. 756, 759 (N.D. Cal. 1987).

The moving party "bears the burden of showing there is no material factual dispute," *Hill v. R+L Carriers, Inc.*, 690 F. Supp. 2d 1001, 1004 (N.D. Cal. 2010), by "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  In judging evidence at the summary judgment stage, "the Court does not make credibility determinations or weigh conflicting evidence, and is required to draw all inferences in a light most favorable to the nonmoving party."  *First Pac. Networks, Inc. v. Atl. Mut. Ins. Co.*, 891 F. Supp. 510, 513-14 (N.D. Cal. 1995).  For a court to find that a genuine dispute of material fact exists, "there must be enough doubt for a reasonable trier of fact to find for the [non-moving

party]." *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009).

### III. DISCUSSION

#### A. FDCPA and RFDCPA

Garcia claims that Stanley has violated the FDCPA, and in particular, 15 U.S.C. sections 1692c(b), 1692f(7), and 1692f(8). "The purposes of the FDCPA are 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) (quoting 15 U.S.C. § 1692(e)).

To establish a violation of the FDCPA, one need only show that: (1) plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined in the Act, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the Act. *E.g.*, *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011); *Frost v. Resurgent Capital Servs., L.P.*, No. 15-03987, 2016 WL 3479087, at *2 (N.D. Cal. June 27, 2016). "Under the FDCPA, the term 'debt collector' means '[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Gold v. Midland Credit Mgmt., Inc.*, 82 F. Supp. 3d 1064, 1070 (N.D. Cal. 2015) (citing 15 U.S.C. § 1692a(6)).

Garcia also asserts that Stanley violated California Civil Code sections 1788.12(b) and 1788.12(d) of the RFDCPA, which is the state version of the FDCPA. *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). Subsection (b) prohibits a debt collector from "[c]ommunicating information regarding a consumer debt to any member of the debtor's family. . ." and subsection (d) prohibits a debt collector from: Communicating with the debtor by means of a written communication that displays or conveys any information about the consumer debt or the debtor other than the name, address and telephone number of the debtor and the debt collector and

3

1    which is intended both to be seen by any other person and also to embarrass the debtor. Cal. Civ.
2    Code § 1788.12(d).

3    The RFDCPA thus "mimics or incorporates by reference the FDCPA's requirements . . .
4    and makes available the FDCPA's remedies for violations." *Riggs*, 681 F.3d. at 1100.
5    Accordingly, the "RFDCPA claims rise and fall with the FDCPA claims." *Frost*, 2016 WL
6    3479087, at *4 (stating that "Defendants are entitled to summary judgment on the Rosenthal Act
7    claims only to the extent that they are entitled to summary judgment on the federal claims")).

8    With respect to both the FDCPA and the RFDCPA (the "Acts"), there is no disputed issue
9    of material fact whether Garcia is a debtor and has been the object of collection activity arising
10   from a consumer debt. Garcia Decl. ¶¶ 1 and 3. Likewise, based upon Stanley's own admissions,
11   there is no genuine dispute of fact as to whether Stanley is a debt collector within the meaning of
12   15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). *E.g.*, Stanley Dep. Tr. 32:22 to 34:2 and
13   92:15-18 (admitting that he "called debtors" himself as part of his day to day job duties, and was
14   assigned collector numbers "050," and "051"). The only remaining disputed issue is whether
15   Stanley has engaged in any act or omission in violation of the prohibitions or requirements of the
16   Act. *Frazier*, 767 F. Supp. 2d at 1363.

17   **B.    The "Least Sophisticated Consumer" Standard**

18   As a preliminary matter, the parties dispute whether the "least sophisticated consumer" is
19   the proper standard to evaluate the claims in this case. Stanley argues that the least sophisticated
20   consumer standard only applies to communications with the debtor, not a third party. Opp. 4-5.
21   Specifically, according to Stanley, "because Plaintiff is not complaining that she was misled, but
22   that she was embarrassed by the potential that a third party would perceive that she was receiving
23   a letter from a collection agency," the least sophisticated consumer standard should not apply in
24   this case. *Id.* at 5.

25   Stanley's objection to the application of the "least sophisticated consumer" standard is
26   unfounded. The Ninth Circuit has applied this standard to assess violations of sections 1692e and
27   1692f without regard as to whether the misled person is a debtor or a third party. *E.g.*,
28   *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 952 (9th Cir. 2011) (finding

4

that "the FDCPA measures a debt collector's behavior according to an objective "least sophisticated debtor standard" in a case involving a section 1692f violation). Courts in this and other districts have also used the "least sophisticated consumer" standard in evaluating section 1692f(8) claims when the specific violation involved potential communications with third parties. *E.g.*, *Datta v. Asset Recovery Sols.*, LLC, No. 15-00188-LHK, 2016 WL 3163142, at *4 (N.D. Cal. June 7, 2016); *Schmid v. Transworld Systems, Inc.*, 2015 WL 5181922, *4 (N.D. Ill. Sept. 4, 2015); *Gardner v. Credit Mgmt. LP*, 140 F. Supp. 3d 317, 322 (S.D.N.Y. 2015). Accordingly, the Court finds that the least sophisticated consumer standard is the proper standard to evaluate Garcia's claims here.

### C. Whether Stanley Has Engaged in Any Act or Omission in Violation of the Prohibitions or Requirements of the Acts

Garcia asserts that Stanley violated FDCPA sections 1692c(b), 1692f(7), and 1692f(8), and RFDCPA sections 1788.12(b), 1788.12 (d), and 1788.17. The Court addresses these subsections below.

#### i. 15 U.S.C. Sections 1692c(b) and 1692f(8)

Garcia argues that the red dollar logo and the words "Creditors Specialty Service, Inc." on the envelope constitute a violation of FDCPA and the related sections of the California Civil Code. Mot. 8, 11-12. Specifically, Garcia claims that the word "Creditors," as well as the dollar sign, indicates that the sender of the envelope is "a person or firm to whom money is due." *Id.* at 10. Moreover, the phrase "Special Settlement Offer" in bold 14 point type on the letter was shown through the envelope's glassine window. *Id.*; Garcia Decl., Ex. 1. By allowing anyone who has seen the outside of the envelope to see "Special Settlement Offer," Garcia contends that Stanley impermissibly communicated information in connection with Garcia's debt with other persons. Mot. 10-11; 15 U.S.C. § 1692c(b). Garcia further argues that Stanley both directly and indirectly engaged in action that led to the alleged FDCPA violation. Reply 3-4. Specifically, Garcia underscores the fact that Stanley "personally commissioned and approved the red dollar sign logo." Reply 4; Stanley Dep. Tr. 54:12-17. According to Garcia, Stanley also "is the owner and president of CSS, does all the hiring, and dubs himself a 'hands-on manager' of his collection

5

staff." Reply 4-5, 10; Stanley Dep. Tr. 33:17-20; 34:8-24; 35:10-25. Garcia also argues that "because the focus of the FDCPA and RFDCPA is on the debt collector's conduct, whether a third party actually saw the offending letter and envelope is irrelevant to liability – all that matters is that Defendants sent it." Reply 6. Lastly, Garcia contends that "the FDCPA is a strict liability statute" so Stanley's "intent is irrelevant" to the issue of liability. Reply 2.

In opposition, Stanley presents several arguments directed generally to all the asserted FDCPA and RFDCA subsections. The Court will summarize them briefly here. Stanley first argues that "he did not send the letter in question" and that CCS instructed a third party service company to prepare, fold, and mail the letter. Opp. 2, 6-8; Stanley Decl. ¶ 2, 4. Stanley further contends that "there are no facts in the moving papers, including the portions of the transcript of Mr. Stanley's Deposition, which establish that [Stanley] was personally involved in the handling of Plaintiff's account in connection with the sending of any letter at issue in this case." Opp. 7.

Second, Stanley argues that Garcia fails to establish that anyone other than the US Postal Service employees, Garcia's roommate, and Garcia's child, saw the envelope in question. Opp. 8. Stanley then concludes that Garcia cannot meet her burden in this motion without a declaration from a third-party stating that he or she saw the letter and believed it to be a debt collection letter. Opp. 9-10.

Third, Stanley states in his declaration that he "never understood, interpreted, or intended the use of the [tradename] Creditors Specialty Service, Inc. in conjunction with the Logo, or otherwise, to impart to third parties that the content of any such letter were from a collection agency." Stanley Decl. ¶¶ 3, 5; Opp. 4. Stanley further argues that there is no evidence that he "intended to cause embarrassment or to intimidate or harm the debtor in this case." Stanley Decl. ¶ 3; Opp. 4, 12.

> Section 1692c(b) states as follows:
> [W]ithout the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. 15 U.S.C. § 1692c(b).

Section 1692f(8) prohibits debt collectors from "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business." 15 U.S.C. § 1692f(8).

It is not disputed that the logo on the envelope consists of the name of the company, Creditors Specialty Service, Inc., together with a dollar sign. Garcia Decl., Ex. 1. Notably, the word "Creditors," as well as the dollar sign, is featured prominently in the logo. *Id.* Given that the phrase "Special Settlement Offer" is also seen through the glassine window, those who have seen the logo and this phrase would know that a creditor is communicating a settlement offer to Garcia. Garcia states in her declaration that she was "embarrassed and humiliated when she discovered that anyone looking at Defendants' envelope would instantly realize that [it] contained a debt collection letter." Garcia Decl. ¶ 7. It is thus apparent, and Stanley does not dispute, that Garcia did not give Stanley consent to communicate information relating to her debt to anyone else. Based on the "least sophisticated consumer" standard, and viewing the evidence in the light most favorable to Stanley, the Court finds that this logo, together with the phrase "Special Settlement Offer," communicates to those who have seen the envelope that a creditor is sending a settlement offer to Garcia. No reasonable jury could find otherwise.

Even accepting Stanley's declaration as true in that he did not fold or mail Garcia's letter himself, Stanley remains liable under the Acts. "There is no requirement under the FDCPA that a debt collector must be the contact point between the company and the debtor—indirect participation in the debt collection process is sufficient." *Del Campo v. Am. Corrective Counseling Serv.*, 718 F. Supp. 2d 1116, 1129 (N.D. Cal. 2010); *De Amaral v. Goldsmith & Hull*, No. 12-03580-WHO, 2014 WL 572268, at *7 (N.D. Cal. Feb. 11, 2014). Here, Stanley admits that he commissioned and selected the logo in dispute. Stanley Dep. Tr. 52:17 to 53:2; 53:6-9; 54:12-17 ("I hired a graphic designer. He gave me three or four various options for logos. I picked this particular logo."). Stanley admits to being a "hands on" owner of CSS, and operated the CSS business under the "Creditors Specialty Services" trade name. Stanley Dep. Tr. 33:17-20; 34:8-24; 35:10-25. He also knew that the logo had been used on CSS envelopes for at least six

months. *Id.* at 53:18-54:10. Stanley's citation to *Pettit v. Retrieval Masters Creditor Bureau, Inc.* fails to support the argument that personally folding or mailing the letter is a requirement for liability. Opp. 7 (citing 211 F.3d 1057, 1059-60 (7th Cir. 2000)). The court there concluded that even though the extent of control over the debt collection business may not be dispositive on its own, liability remains for violations of the Act committed by an officer or shareholder himself. 211 F.3d at 1059-60. Stanley provides no other authority requiring that an offender must have folded or mailed the letter himself. Here, the Court finds Stanley liable not only because he exercised control over the affairs of his debt collection business but also because he chose the offensive logo and was regularly engaged in the collection of debts. The fact that Stanley did not personally prepare, fold, or place the envelope in question thus cannot absolve him of liability.

As to Garcia's failure to provide evidence that a third party has actually seen the envelope or ascertained its contents, this type of evidence is not necessary to obtain summary judgment. The FDCPA is a strict liability statute and Stanley's alleged liability was established once the envelope was placed in the mail as that was the last chance for Stanley to cure any alleged violation. *Herrera v. LCS Fin. Servs. Corp.*, 274 F.R.D. 666, 676 (N.D. Cal. 2011) (citing *Mahon v. Credit Bureau of Placer Cty. Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999)). The "simple act of mailing letters with allegedly misleading information constitutes a 'use' of such prohibited language." *Herrera*, 274 F.R.D. at 676 (citing *Sadler v. Midland Credit Mgmt., Inc.*, No. 06-5045, 2009 WL 901479, at *2 (N.D. Ill. Mar. 31, 2009)); *Irwin v. Mascott*, 96 F. Supp. 2d 968, 976 (N.D. Cal. 1999) ("A debt collector violates the FDCPA by sending a notice containing unlawful provisions. Whether the notice is received is irrelevant to the issue of liability.")

Relatedly, Stanley cites two district court cases, to support his argument that the use of the logo at issue did not indicate to third parties that the mailing was for collection of a debt. However, both of these cases, *Perez v. Glob. Credit & Collection Corp.* and *Davis v. MRS BPO, LLC*, are inapposite. These two cases pertain to whether showing a multi-digit account number was a violation and the respective courts concluded that they were not. *Perez*, No. 14-9413, 2015 WL 4557064, at *3 (S.D.N.Y. July 27, 2015); *Davis*, No. 15-2303, 2015 WL 4326900, at *4 (N.D. Ill. July 15, 2015). In neither case was the court confronted with a logo such as the one at issue

8

here. Aside from conclusory arguments, Stanley fails to provide any authority or reasoning demonstrating why a logo consisting of a dollar sign and the word "Creditors" are harmless words or symbols like an eight-digit number implicated in *Perez* or *Davis*.

Turning to Stanley's argument that he did not intend to communicate to third parties or to embarrass Garcia with the debt collection letter, the Court finds that the lack of intent cannot rebut Garcia's evidence. Case law is clear that a violation under the Acts need not evidence intent. A defendant's intent or lack-thereof is irrelevant based on the plain language of 15. U.S.C. section 1692f(7)-(8). *E.g.*, *Clark v. Capital Credit & Collection Serv., Inc.*, 460 F.3d 1162, 1176 (9th Cir. 2006) (holding that "[r]equiring a violation of § 1692e to be knowing or intentional needlessly renders superfluous § 1692k(c)"). Rather, the FDCPA is a strict liability statute. *McCollough*, 637 F.3d at 952 (holding that "[]the FDCPA imposes strict liability on creditors, including liability 'for violations that are not knowing or intentional.'"); *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008) (holding that the "FDCPA is a strict liability statute in that a plaintiff need not prove an error was intentional"); *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 997 (9th Cir. 2012) (holding that the "FDCPA is a strict liability statute; there is no mental state required to violate it"); *Branco v. Credit Collection Servs. Inc.*, No. S-10-1242, 2011 WL 3684503, at *5 n.5 (E.D. Cal. Aug. 23, 2011) ("The FDCPA and the RFDCPA are 'strict liability' statutes.").

In sum, whether Stanley personally folded or mailed the letter to Garcia, whether a third-party saw the envelope and ascertained its contents, and whether Stanley had intent to commit the violations are not necessary to establish FDCPA liability. In failing to raise a genuine issue of material fact, Stanley has failed to oppose the evidence proffered by Garcia. The aforementioned evidence remains unrebutted, such as the fact that Stanley chose to use the CSS's company name and logo on the envelope sent to Garcia and that he participated in debt collection himself, as well as the fact that the phrase "Special Settlement Offer" was shown through the glassine window. Garcia thus has met her burden proof as the moving party with respect to violations of sections 1692c(b) and 1692f(8).

  **ii.** **15 U.S.C. Section 1692f(7)**

Section 1692f(7) prohibits debt collectors from "[c]ommunicating with a consumer

regarding a debt by post card." 15 U.S.C. § 1692f(7). There is no evidence that Stanley sent a post card to Garcia and neither party has addressed this subsection in their brief. Because the absence of a post card is not in dispute, the Court DENIES summary judgment with respect to the section 1692f(7) violation.

### iii. Cal. Civ. Code Sections 1788.12(b) and (d); and 1788.17

As to the RFDCPA violations, Garcia states in her declaration that the envelope at issue arrived in her mailbox where her "child," "letter carrier," and "roommate" had access and would have seen the envelope. Garcia Decl. ¶ 4. She also states in her declaration that she was anxious and embarrassed because such communication made it obvious that she was in debt. *Id.* ¶ 7. Together with the envelope and the evidence discussed above for the FDCPA violations, Garcia argues that Stanley has communicated to a member of Garcia's family that was not her spouse or guardian regarding a settlement of a consumer debt, in violation of sections 1788.12(b) and (d). Mot. 7; Garcia Decl., Ex. 1.

Stanley's argument on the violations of California Civil code sections 1788.12 and 1788.17 is conclusory and similarly without support as was his argument on the FDCPA violations. Opp. 12. Stanley plainly states that he did not intend to communicate to third parties regarding collection activity. *Id.*; Stanley Decl. ¶¶ 3, 5.

California Civil Code section 1788.17 requires compliance with the federal statutes set forth in 15 U.S.C. sections 1692b to 1692j. The RFDCPA also prohibits a debt collector from using the following means to collect debt:

> (b) Communicating information regarding a consumer debt to any member of the debtor's family, other than the debtor's spouse or the parents or guardians of the debtor who is either a minor or who resides in the same household with such parent or guardian, prior to obtaining a judgment against the debtor, except where the purpose of the communication is to locate the debtor, or where the debtor or his attorney has consented in writing to such communication. Cal. Civ. Code § 1788.12(b); and

> (d) Communicating with the debtor by means of a written communication that displays or conveys any information about the consumer debt or the debtor other than the name, address and telephone number of the debtor and the debt collector and which is intended both to be seen by any other person and also to embarrass the debtor. Cal. Civ. Code § 1788.12(d).

10

Because the Court has already found that Stanley violated the FDCPA as discussed above based on evidence proffered by Garcia, Garcia has also met her burden with respect to section 1788.17 violation. As to sections 1788.12(b) and (d), case law makes it clear that "whether a validation notice violates the Rosenthal Act turns on whether it violates the FDCPA." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012). Although Stanley contends that his intent is a triable issue, the Court finds that intent is not a relevant fact, let alone material. Like the FDCPA, intent is not required to prove a RFDCPA violation. *E.g.*, *Branco*, 2011 WL 3684503, at *5 n.5 ("The FDCPA and the RFDCPA are 'strict liability' statutes."). Moreover, just like requiring intent in the FDCPA would make the bona fide error defense in subsection 1692k(c) superfluous, requiring intent in the RFDCPA would also make the bona fide error affirmative defense set forth in section 1788.30(e) superfluous. *See Clark*, 460 F.3d at 1176; *compare* 15 U.S.C. § 1692k(c) and Cal. Civ. Code § 1788.30(e) ("A debt collector shall have no civil liability . . . , if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation."). Accordingly, Stanley's intent is not relevant to determining liability and cannot create a triable issue of material fact.

### D. Stanley's Bona Fide Error Defense

Stanley further contends that there is a triable issue as to whether the "bona fide error" defense should apply. Opp. 11. Stanley asserts in his declaration that a third-party service company folded and inserted the letter into the envelope and that CSS had instructed the service company to ensure only the debtor's name and address were shown through the envelope window. Stanley Decl. ¶ 2. Accordingly, if the phrase "Specially Settlement Offer" was visible, Stanley contends that it was an unintentional error. *Id.*; Opp. 11.

Garcia counters that merely stating that there is a "bona fide error" will not suffice, especially in light of the fact that no one at CSS reviewed letters before they were mailed. Reply 8; Stanley Dep. Tr. 44:2-6. Further, Garcia contends that it cannot be a "bona fide error" given that Stanley remains adamant that the logo and the phrase "Creditors Specialty Service" do not

11

designate CSS as a collection agency. *Id.* Lastly, Garcia claims that Stanley has provided no evidence of procedures reasonably adapted to avoid the particular error. *Id.*

The bona fide error defense is an affirmative defense, for which Stanley has the burden of proof. *McCollough*, 637 F.3d at 948. 15 U.S.C. section 1692k(c) sets forth the "bona fide error" defense as follows:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

"Thus, to qualify for the bona fide error defense, the defendant must prove that (1) it violated the FDCPA unintentionally; (2) the violation resulted from a bona fide error; and (3) it maintained procedures reasonably adapted to avoid the violation." *McCollough*, 637 F.3d at 948.

The Court finds that Stanley has not met his burden with respect to this defense. Even though Stanley has submitted his own declaration to support his absence of intent to violate the statutes, and thus has potentially identified a triable issue, he fails to provide any admissible evidence on the second prong showing that he maintained procedures reasonably adapted to avoid the violation. The only argument Stanley makes is that he instructed the service company to make only visible the debtor's name and address. Stanley Decl. ¶ 2. This mere instruction without more does not constitute "maintenance of procedures reasonably adapted to avoid any such errors." Stanley further states in his deposition that nobody reviewed the letters sent by CSS to debtors before they were mailed. Stanley Dep. Tr. 44:2-6. Additionally, despite knowing that the logo had been on the envelope for at least six months, Stanley could not explain how the logo appeared on the envelope in the first place. *Id.* at 53:18-54:10; 59:6-20. This testimony underscores the lack of procedures, let alone procedures adapted to avoid the violations discussed above. *Reichert*, 531 F.3d at 1007.

Stanley's other deposition testimony does not support the violations as bona fide errors, either. Stanley admits no wrong with respect to the logo consisting of the prominently-featured dollar sign and the word "Creditors." Stanley Dep. Tr. 60:9-11. Stanley states that that the only "problem" he observed was that the debt was not collected. *Id.* at 126:5-127:25; 128:16-21. Such

evidence undercuts Stanley's claim that the violations were bona fide errors.

As such, the admissible evidence proffered by Stanley, consisting of solely his declaration, does not show that there was a "bona fide error" or that there was a procedure maintained to prevent violations of the Acts. Stanley thus fails to create a triable issue of fact based on this bona fide error defense.

## IV.   DAMAGES, COSTS, AND ATTORNEY'S FEES

Garcia seeks maximum statutory damages, as well as reasonable attorney's fees and costs. Mot. 16-18. Specifically for statutory damages, Garcia seeks $1,000 under the FDCPA, $1,000 under California Civil Code section 1788.17, and another $1,000 under California Civil Code section 1788.30(b). *Id.* Stanley does not address the proper amount of damages in his opposition.

Remedies under the FDCPA and the RFDCPA are cumulative and penalties may be awarded under both statutes. *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1069 (9th Cir. 2011) (holding damages under both statutes are cumulative; therefore, plaintiffs are entitled to statutory remedies under both).

In an action brought by an individual, a debt collector who fails to comply with any provision of the FDCPA is liable to that individual in an amount equal to the sum of: (1) any actual damages sustained as a result of such failure; (2) any additional damages as the court may allow, but not exceeding $1,000; and (3) costs of the action, together with reasonable attorney's fees. 15 U.S.C. § 1692k(a). In determining the appropriate amount of statutory damages under the FDCPA, the Court must consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *Young v. Law Offices of Herbert Davis*, No. 13-01108, 2014 WL 3418209, at *6 (N.D. Cal. July 11, 2014).

Under the RFDCPA, any debt collector who willfully and knowingly violates the RFDCPA with respect to any debtor is, in addition to actual damages sustained by the debtor as a result of the violation, also liable to the debtor for a penalty in such amount as the court may allow, which shall be no less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000). Cal. Civ. Code §§ 1788.30(a) and (b).

Here, with respect to the FDCPA violations, the evidence provided to the Court shows, and the parties do not dispute, that Garcia did not receive repeated mailings from Stanley and that there is only one incident of mailing of the sort presented here. The violations thus were not persistent even though Stanley knowingly and willingly committed these violations. In light of the factors enumerated in 15 U.S.C. section 1692k(b)(1), the Court in its discretion awards Garcia statutory damages in the amount of $500 for the FDCPA violation.

As to California Civil Code section 1788.30(b), Court finds Stanley committed the violations willfully and knowingly, entitling Garcia to the full statutory damage. This is consistent with the finding above that Stanley fails to provide any admissible evidence supporting its bona fide error defense. Stanley knew that the logo had been used on the CSS envelopes for at least six months and remained adamant during his deposition that the logo communicated nothing about the nature of debt collection. Stanley Dep. Tr. 53:18-54:10; 59:6-20. He further insisted in his deposition that he would not have changed anything in his procedures but only that he should have made "more phone calls." *Id.* at 126:5-127:25; 128:16-129:2. Such testimony shows that Stanley not only used the offensive logo repeatedly but also willfully. Stanley's declaration, the only evidence proffered by Stanley, simply recites that he did not "intend" to embarrass or humiliate Garcia or that he did not intend a third party to view the envelope. In light of the deposition testimony, a self-serving declaration, such as Stanley's, fails to create a genuine dispute of material fact. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 498 (9th Cir. 2015). Accordingly, the Court finds that a total of $1,000 statutory damage appropriate under California Civil Code section 1788.30(b).

Garcia seeks another $1,000 under California Civil Code section 1788.17, separately from section 1788.30(b). Mot. 17. However, section 1788.17 sets forth the required compliance with the FDCPA and section 1788.30 is the only section on damages under the RFDCPA. Courts in this district have not construed section 1788.17 to permit an additional award over and above that which is authorized by section 1788.30(b), and Garcia fails to cite any authority indicating otherwise. *E.g.*, *Mejia v. Marauder Corp.*, No. 06-00520, 2007 WL 806486, at *11 (N.D. Cal. Mar. 15, 2007); *Owens v. Brachfeld*, No. 07-4400, 2008 WL 3891958, at *4 (N.D. Cal. Aug. 20,

2008). As such, the Court does not find an additional $1,000 under section 1788.17 appropriate.

As to costs and attorney's fees, the Court finds that Garcia, as the prevailing plaintiff here, is entitled to an award of reasonable attorney's fees and cost under both the FDCPA and the RFDCPA. 15 U.S.C. § 1692k(a)(3); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1032 (9th Cir. 2012) (holding that "[t]he FDCPA's statutory language makes an award of fees mandatory"); Cal. Civ. Code § 1788.30(c). Garcia may make a request for fees at a proper time.

## V. ORDER

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Plaintiff Garcia's motion for summary judgment against Defendant Stanley is GRANTED with respect to 15 U.S.C. sections 1692c(b) and 1692f(8); and RFDCPA sections 1788.12(b), 1788.12 (d), and 1788.17. Garcia's motion for summary judgment against Defendant Stanley is DENIED with respect to 15 U.S.C. section 1692f(7).
2. Judgment is granted in favor of Plaintiff Garcia on the FDCPA and RFDCPA claims with respect to liability. Summary judgment is also granted in favor of Plaintiff Garcia on Defendant Stanley's bona fide error affirmative defense.
3. Plaintiff Garcia is to receive statutory damages of $500 based on the FDCPA claims and $1,000 based on the RFDCPA claims.
4. Plaintiff Garcia is the prevailing party and is entitled to an award of reasonable costs and attorney's fees.
5. The case remains stayed as to Defendant CSS. All dates pending shall be vacated.

Dated: November 16, 2016

_____
BETH LABSON FREEMAN
United States District Judge